HARBIN, Defendant in Error, *vs.* CHILES, Plaintiff in Error.

1. A judgment was rendered in California against a resident of Missouri upon publication. Afterwards, as shown by the record, the defendant appeared by attorney, filed an affidavit and asked leave to answer, which was granted on condition of payment of costs, but he failed to answer, when the former judgment was reinstated. *Held,* the judgment was conclusive in this state.

*Error to Jackson Circuit Court.*

*Hovey & Sheley,* for plaintiff in error. 1. The judgment, as originally entered in the Yulo District Court, was in the nature of a judgment *in rem,* and an action cannot be sustained on the same in this state. (*Sallee* v. *Hays,* 3 Mo. Rep. 116.) 2. The final judgment in this cause, in the Yulo District Court, is not a general judgment, nor judgment of recovery, but merely a re-instating of the former judgment—a mere revivor. (4 Mo. Rep. 222. Ib. 10. 3 Yerger, 426.)

*Adams,* for defendant in error, cited 2 Am. Lead. Cases, 552. 5 Wend. 148. 6 Wend. 453. 2 Bay, 485. 7 Cranch, 418–81. 3 Wheat. 334. 5 Gill & J. 500.

RYLAND, Judge, delivered the opinion of the court.

This is an action upon a transcript of a judgment of the District Court of Yulo county, in the state of California. Harbin sued Chiles in California, and had an order of publication in the newspapers of that state against him—constructive service only. The plaintiff then proceeded under the laws of that state, and obtained against defendant a judgment by default. After this judgment by default, Chiles appeared in court by

his attorney, and filed his affidavit, that is, Chiles' affidavit, and for reasons and causes therein set forth, moved the court to set aside the judgment by default, and for leave to answer to the plaintiff's action. This motion the court sustained, set aside the judgment, and granted defendant leave to file his answer in thirty days upon the payment of costs. The defendant failed to answer within the time allowed him, and the plaintiff, on his motion, had the original judgment reinstated against Chiles. This suit is upon a transcript of that judgment. The defendant relies upon his making no defence, no appearance to the action, never having been served with process, and that the California court had no jurisdiction of his person. The court below found the facts as stated, and declared the law to be against the defendant; that his appearance by attorney, and making his motion, and filing his affidavit in the court in California, gave that court jurisdiction over the person of said Chiles, and authorized a general judgment to be given, and that such was binding and conclusive upon him. This is in accordance with the doctrine heretofore laid down by this court, after elaborate argument and full investigation of the various authorities on the subject. (See case of *Warren & Dalton* v. *Julian H. Lusk*, 16 Mo. Rep. 102.) The principles declared by this court in this case of *Warren & Dalton* v. *Lusk*, are decisive of the case now before us. The doctrine there laid down, " that, when it appears from the face of the record, that the defendant had notice of the proceedings, that fact could not be controverted, as a record imports absolute verity," applied to this case, must at once settle the controversy.

Such a judgment as this would be binding and conclusive between the parties here, if given by our own courts, and we must give to this judgment of the court of a sister state, such credit, validity and effect as it has in the state where it was pronounced; for all that appears to the contrary, it was binding and conclusive between the parties in California, and will be so considered here.

The whole doctrine is so fully laid down and declared in the

case of *Warren & Dalton* v. *Lusk*, that I might have contented myself by simply referring to the decision in that case, and affirmed this judgment. The judgment of the court below is affirmed, Judge Scott concurring.